WILSON TURNER KOSMO LLP
MARISSA L. LYFTOGT (259559)
LETICIA C. BUTLER (253345)
402 West Broadway, Suite 1600
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
E-mail: mlyftogt@wilsonturnerkosmo.com
E-mail: lbutler@wilsonturnerkosmo.com

Attorneys for Defendant
ACCENTURE LLP

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMED ARMAN, individually, <br><br> Plaintiff, <br><br> v. <br><br> ACCENTURE LLP, a California corporation; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No. 3:23-cv-6196 <br><br> **DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §1441(a); 28 U.S.C. §1332 (DIVERSITY JURISDICTION)** <br><br> Complaint Filed: May 4, 2023 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. sections 1332(a), 1441, and 1446, Defendant Accenture, LLP (hereinafter, "Defendant") hereby removes the above-entitled action from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California on the basis of diversity of citizenship. Defendant states the following in support of its removal:

/ / /

/ / /

/ / /

-1-     Case No.
DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

## I.  THE REMOVED CASE

1. On May 4, 2023, Plaintiff Mohammed Arman ("Plaintiff") commenced an action in the Superior Court of the State of California, County of San Francisco entitled *Mohammed Arman v. Accenture LLP*, Case No. CGC-23-606299, by the filing of a Complaint ("Complaint" or "State Action"). The Complaint is attached as **Exhibit A** to the Declaration of Leticia C. Butler ("Butler Decl.").

2. The Complaint contains nine causes of action against Defendant. The causes of action asserted are: (1) Retaliation (Cal. Gov. Code § 12940(h)); (2) Racial and National Origin Discrimination (Cal. Gov. Code § 12940); (3) Hostile Work Environment Harassment (Cal. Gov. Code § 12940(j)); (4) Failure to Prevent Discrimination and Retaliation (Cal. Gov. Code § 12940); (5) Intentional Infliction of Emotional Distress; (6) Failure to Engage in Good Faith Interactive Process (Cal. Gov. Code § 12940); (7) Failure to Provide Reasonable Accommodations; (8) Disability Discrimination (Cal. Gov. Code § 12940); and (9) Wrongful Termination in Violation of Public Policy. *Id*.

3. This is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441, because it is a civil action between citizens of different states or foreign states and the matter in controversy herein exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

## II.  PROCEDURAL REQUIREMENTS

4. On October 11, 2023, Plaintiff delivered the Complaint, Civil Case Cover Sheet, Summons and Notice of Acknowledgement and Receipt via email to Defendant's attorneys. Attached to the Butler Decl. as **Exhibit B** is the Civil Case Cover Sheet, **Exhibit C** is the Summons and **Exhibit D** is the Notice of Acknowledgement and Receipt.

/ / /

5. Defendant accepted service by signing and returning the Notice of Acknowledgement of Receipt on October 31, 2023. A true and correct copy of the signed Notice of Acknowledgement of Receipt is attached to the Butler Decl. as **Exhibit E**.

6. Pursuant to 28 U.S.C. § 1446(a), and to the best of Defendant's knowledge, **Exhibits A through E** constitute all the process, pleadings, and orders served in this action at the time of this removal.

7. Defendant timely filed this Notice of Removal in the United States District Court for the Northern District of California on November 30, 2023.

8. This Notice of Removal is being filed within one (1) year of the commencement of this action and therefore is timely filed under 28 U.S.C. § 1446(c).

9. Pursuant to 28 U.S.C. §1441(a) and 28 U.S.C. § 84(b), the United States District Court for the Northern District of California embraces the Superior Court of the State of California, County of San Francisco where the State Action is currently pending, and thus this Court is a proper venue for the action.

10. Counsel for Defendant will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of San Francisco and give notice of same to counsel for Plaintiff.

11. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to conduct discovery, brief any disputed issues, and present oral argument in favor of its position that this case is properly removable.

12. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's right to assert defenses including, without limitation, the defenses of (i) failure to state a claim, (ii) failure to join indispensable party(ies), or (iii) any other procedural or substantive defense available under state or federal law.

/ / /

/ / /

III. **COMPLETE DIVERSITY EXISTS BETWEEN PLAINTIFF AND THE DEFENDANT**

A. **Plaintiff is a citizen of California**

13. Plaintiff is, and was, at the time of the filing of the Complaint, a resident of the County of San Francisco, State of California. *See* Exh. A, Complaint at ¶ 2. Plaintiff's residence is prima facie evidence that he is domiciled in and a citizen of California for purposes of diversity. *Barrera v. W. United Ins. Co.*, 567 F. App'x 491, 492 n.1 (9th Cir. 2014) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary." (*quoting Anderson v. Watt*, 138 U.S. 694, 706 (1891)); *Bradley Min. Co. v. Boice*, 194 F.2d 80, 84 (9th Cir. 1951) ("Proof of residence in a state is usually thought prima facie evidence of domicile sufficient to shift the burden of proof" for purposes of diversity jurisdiction).

B. **Defendant Accenture LLP is Not a Citizen of California**

14. Defendant Accenture LLP is, and was at the time this action was filed in state court, a limited liability partnership duly organized and existing under the laws of the State of Illinois, with its principal place of business located outside the State of California. Declaration of Robert F. Goldman ("Goldman Decl."), ¶ 3. Accenture LLP was not, and is not, a citizen of the State of California. *Id*. None of Accenture LLP's five partners are, or were at the time the State Action was filed, citizens of the State of California. *Id*., ¶¶ 4-9.

   a. The first partner in Accenture LLP is Accenture Inc., a corporation duly organized under the laws of the State of Delaware with its principal place of business located outside the State of California. *Id*., ¶ 5.

   b. The second partner in Accenture LLP is Accenture LLC, a limited liability company duly organized under the laws of the State of Delaware with its principal place of business located outside the State of California. Moreover, no member of Accenture LLC is, or was at the time the State Action was filed, a citizen of the State of California. *Id*., ¶ 6.

   c. The third partner in Accenture LLP is Accenture Sub II Inc., a corporation duly organized under the laws of the State of Delaware with its principal place of business located outside the State of California. *Id*., ¶ 7.

   d. The fourth partner in Accenture LLP is Accenture Sub III Inc., a corporation duly organized under the laws of the State of Delaware with its principal place of business located outside the State of California. *Id*., ¶ 8.

   e. The fifth partner in Accenture LLP is Accenture Sub IV Inc., a corporation duly organized under the laws of the State of Delaware with its principal place of business located outside the State of California. *Id*., ¶ 9.

In sum, neither Accenture LLP or any of its five partners are citizens of California. Thus, there is complete diversity as between Plaintiff and Defendant.

### C. The Citizenship of "Doe" Defendants Is Not Considered

15. The Complaint also names Does 1-50 as defendants. Ex. A, Complaint at ¶ 5. Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of these defendants is disregarded for purposes of removal. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998) (holding that for removal purposes, the citizenship of defendants sued under fictitious names shall be disregarded); *see also Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).

## IV. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

16. From the face of the Complaint, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332.

17. A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by §1446(c)(2)(B) only where the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554 (2014).

18. The amount in controversy is determined by the relief a plaintiff seeks, not necessarily what he or she is either likely to, or ultimately does, obtain. *Waller v. Hewlett-Packard Co*., 2011 U.S. Dist. LEXIS 50408, at *8 n.3 (S.D. Cal. 2011); *Muniz v. Pilot Travel Centers LLC*, 2007 U.S. Dist. LEXIS 31515, *9-10 (E.D.Cal. 2007). "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the

plaintiff on all claims made in the complaint." *Schiller v. David's Bridal, Inc.*, 2010 U.S. Dist. LEXIS 81128, at *6 (E.D. Cal. 2010).  The Notice of Removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014).

19.   Defendant disputes that it is liable for any damages whatsoever to Plaintiff.  Nevertheless, Defendant can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard.  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).  The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied.  *Id*.

20.   In the Complaint, Plaintiff alleges multiple claims under the FEHA, specifically that he was unlawfully discriminated, harassed, retaliated against, and wrongfully terminated, that Defendant failed to engage in the good faith interactive process, failed to provide reasonable accommodations, and intentionally inflicted emotional distress on Plaintiff.  *See, generally,* Exh. A, Complaint.  As a result of the alleged misconduct, Plaintiff seeks unspecific compensatory, punitive, and emotional distress damages plus attorneys' fees which will necessarily exceed $75,000.  *Id*.; *see, e.g., Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (jurisdictional minimum "clearly satisfied" when plaintiff asserting multiple FEHA claims sought unspecified compensatory, punitive, and emotional distress damages as well as attorneys' fees).

21.   Plaintiff seeks compensatory damages "including emotional distress damages and lost wages, benefits and interest in a sum according to proof." Exh. A, Complaint, Prayer for Relief, ¶ 1.  Plaintiff's base salary at his time of hire and termination were well over the $75,000 threshold. At the time of Plaintiff's termination in March 2023, Plaintiff earned $225,000.  It has been 8 months since Plaintiff's termination. As such, Plaintiff's lost back wages total approximately

$150,000, well over the jurisdictional threshold. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1032 (N.D. Cal. 2002) (stating that district courts rely on the general rule that lost wages in a wrongful termination case may reasonably be calculated from the date of termination to the date of removal).

22. Plaintiff also seeks punitive damages. Exh. A, Complaint, Prayer for Relief, ¶ 4. Punitive damages may be included in the amount in controversy if allowed by law. *See, e.g., Gibson v. Chrysler Corp.*, 261 F.3d 927, 945-46 (9th Cir. 2001) (finding the amount in controversy may include punitive damages when recoverable as a matter of law). Punitive damages may be awarded in FEHA cases. *See, e.g., Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009) (affirming $1,905,000 punitive damages award in FEHA disability discrimination and harassment case). Punitive damages are usually awarded as a single-digit multiplier of compensatory damages. *See Nickerson v. Stonebridge Life Ins. Co.,* 63 Cal.4th 363, 367 (Cal. Ct. App. 2016) ("Absent special justification, ratios of punitive damages to compensatory damages that greatly exceed 9 or 10 to 1 are presumed to be excessive"). As such, punitive damages ranging from $150,000 to $750,000 (1 to 5 multiplier) would not be out of the norm. Moreover, this number is likely *understated* since this only accounts for lost wages through the date of removal and does not account for any future lost wages.

23. Finally, Plaintiff seeks attorneys' fees and costs. Exh. A, Complaint, Prayer For Relief, ¶ 3. Such fees and costs are properly included in the computation of the amount of controversy if the substantive law of the forum state allows the plaintiff to recover such fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). California Government Code section 12965, subdivision (b), authorizes the award of reasonable attorneys' fees to the prevailing party in a Fair Employment and Housing Act ("FEHA") suit. Assuming an average hourly rate of $400.00 per hour, and approximately 30 hours for the initial intake, investigation and preparation of the State Action, this equates to $12,000.

///

24. Thus, taken together, Plaintiff seeks damages well in excess of the $75,000 threshold based on the face of the Complaint.

## V. CONCLUSION

25. Based on the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1332, and the State Action may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

Dated:   November 30, 2023      **WILSON TURNER KOSMO LLP**

By:   /s/*Leticia C. Butler*
MARISSA L. LYFTOGT
LETICIA C. BUTLER
Attorneys for Defendants
ACCENTURE LLP